## DOLPH BARROW v. THE STATE.

No. 18829.   Delivered February 24, 1937.
Rehearing Granted May 19, 1937.

The opinion states the case.

*W. C. Boyd,* of Denton, and *John Morrison,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for forgery, punishment being two years in the penitentiary.

The record contains no statement of facts. Ten bills of exception are brought forward in the transcript. They all relate to matters which make it impossible to appraise the bills in the absence of the facts developed on the trial.

The judgment is affirmed.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—At a former day of this term the judgment was affirmed, no statement of facts at that time being in the record and the bills of exception could not be appraised for that reason. It now appears that a statement of facts had been approved and filed in the court below but by inadvertence was not sent to this court at the time the transcript was forwarded. The statement of facts is now on file here and the case will be considered on its merits.

Conviction was on the first count of the indictment which charged appellant as a principal with forgery of a check drawn against the Ponder National Bank for fifty-three dollars, payable to W. R. Erwin and signed by Joe Eavens.

Appellant did not testify himself and introduced no witnesses in his behalf. At the conclusion of the evidence appel-

lant's counsel requested the court to direct a verdict of acquittal, urging that the testimony failed to connect appellant with the offense charged.

On the morning of August 2, 1935, W. R. Erwin had gone to Mr. Parker's, a neighbor, and while there had a conversation with Jim Barrow, who was the father of appellant. Erwin and Jim Barrow looked at some stock at Parker's place, at which time appellant and another party who is unidentified in this record, were sitting in a car which was in the road. Erwin went back to his home, taking Jim Barrow in the car with him. At the time they left Parker's place Jim Barrow told appellant and the other party to follow them, which they did. After reaching Mr. Erwin's place he and Jim Barrow entered into negotiations for the purchase of some hogs and calves and finally reached an agreement with reference to the price. The hogs and calves were loaded in a trailer which was attached to the car that appellant and the other party were in. Appellant had no connection with the purchase of the hogs or calves, and said nothing in regard to the negotiations for them. After they were loaded into the trailer Jim Barrow and the unidentified person went into Mr. Erwin's house and a check was made out at the direction of Jim Barrow for the amount which had been agreed upon for the stock, and at the direction of Jim Barrow the unidentified party signed the name of Joe Eavens to the check and delivered it to Erwin. Appellant never went into the house at all. He remained at the lot with the car and trailer some seventy-five yards from the house. After the check had been delivered appellant, his father and the unidentified party left together in the car with the stock in the trailer. When Erwin undertook to cash the check it was discovered to be a forged instrument. Evidence was introduced showing that the car to which the trailer was attached had been registered in the name of appellant. There is not one word of testimony in the record showing that appellant had any interest in the stock or that he was to receive any part of the proceeds therefrom or that he had any knowledge of how the stock was to be paid for or that a forged instrument was to figure in the transaction in any way. He was not present at the time the check was executed and is not shown to have entered into any prior agreement that the stock was to have been paid for with a forged check.

Our State's Attorney expresses the opinion that there is an absence of proof that appellant knew that the crime of forgery was being or had been committed, and admits that

the State's evidence wholly fails to show appellant's guilty connection with the forgery of the check. In the view expressed by our State's Attorney we are in accord.

There are several bills of exception in the record; one relates to the refusal of continuance, and others complain of the introduction of evidence regarding another forgery transaction. Having reached the conclusion that the evidence is insufficient to support the conviction a discussion of the questions presented by the bills of exception is unnecessary.

Appellant's motion for rehearing is granted, the judgment of affirmance is set aside, and the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*